Steven I. Weisburd (SW 5325)
Lawrence C. Drucker (LD 9423)
Judith R. Cohen (JC 8614)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
Attorneys for Plaintiffs, The Gap, Inc.
and Gap (Apparel) LLC



RECEIVED
OCT 29 2007
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

THE GAP, INC., and
GAP (APPAREL) LLC,

         Plaintiffs,

v.

G.A.P. ADVENTURES INC.,

         Defendant.

-------------------------------------------------------x

Judge Hellerstein

07 CIV 9614

CASE NO. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs The Gap, Inc. and Gap (Apparel) LLC (collectively "Gap" or "Plaintiffs"), by their undersigned attorneys, allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1. This action arises out of Defendant G.A.P. Adventures Inc.'s ("G.A.P. Adventures" or "Defendant") unauthorized use of Gap's famous GAP trademark and trade name as part of the trademark and trade name G.A.P ADVENTURES, in various forms, in connection with a retail store and the advertising and sale of travel-related services and products.

1

DOCSNY-275925v01

2. Gap seeks relief from Defendant's willful violation of Gap's trademark and trade name rights. Defendant's use of the G.A.P ADVENTURES trademark and trade name as described below infringes Gap's established trademark rights in the GAP trademark and trade name, dilutes the distinctiveness of that famous mark, and constitutes federal and state unfair competition.

## THE PARTIES

3. The Gap, Inc. is a Delaware corporation with its principal place of business at 2 Folsom Street, San Francisco, California 94105.

4. Gap (Apparel) LLC is a limited liability company of California, having a business address at 2 Folsom Street, San Francisco, California 94105. Gap (Apparel) LLC is a wholly owned subsidiary of The Gap, Inc.

5. Defendant is a corporation of Canada with a principal place of business at 19 Charlotte Street, Toronto, Ontario, M5V 2H5.

6. Defendant operates a retail store using the trademark and trade name G.A.P ADVENTURES at 364 Avenue of the Americas, New York, New York, 10011-9402. Defendant is registered with the New York Department of State to do business in New York as a foreign business corporation. Defendant's address for service of process listed with the New York Department of State is 364 Avenue of the Americas, New York, New York, 10011-9402.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Jurisdiction over the state law claims is pursuant to 28 U.S.C. § 1367 under principles of supplemental jurisdiction.

8. This Court has personal jurisdiction over Defendant and venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c). Gap's claims arise in

substantial part in this District, in which Defendant has a place of business, and transacts business, and where Defendant advertises and promotes its services and products under the infringing trademark and trade name.

### GAP'S TRADEMARKS AND TRADE NAMES

9. Gap, by and through its related companies and licensees, owns and operates one of the world's leading chain of consumer retail stores featuring a wide variety of clothing, shoes, clothing accessories, jewelry, bags, personal-care products, toys, paper products, bed and bath linens, and other merchandise.

10. Gap has continuously used in commerce the trademarks and trade names GAP and THE GAP in connection with retail store services, and a wide variety of clothing and clothing accessories since at least as early as 1969.

11. For many years Gap has used the trademarks and trade names GAP and THE GAP on a wide variety of other goods including, but not limited to, shoes, jewelry, bags (including backpacks and bike bags), personal-care products, toys, paper products, bed and bath linens, and/or other merchandise.

12. In addition to the marks GAP and THE GAP, Gap has used for many years numerous marks containing the mark "GAP," including GAP KIDS, GAP MATERNITY, GAP BODY, BABY GAP, GAP EDITIONS, GAP SHOES, GAP SELECT, GAP SCENT EDITIONS, GAP SCENTS, GAP ATHLETIC, GAP OUTLET, GAP FACTORY STORE, GAP FOUNDATION, and GAP.COM in connection with, among other things, retail store services, on-line services, charitable services, clothing, clothing accessories, shoes, jewelry, bags (including backpacks and bike bags), personal-care products, toys, paper products, bed and bath linens, and/or other merchandise (collectively the "GAP Marks").

3

13. Gap (Apparel) LLC owns more than 95 U.S. trademark registrations for the GAP Marks covering a wide variety of goods and services including, but not limited to, retail store services, on-line services, charitable services, clothing, clothing accessories, shoes, jewelry, bags (including backpacks and bike bags), personal-care products, toys, paper products, bed and bath linens, and other merchandise shown in the chart attached as Exhibit A. Copies of the registration certificates issued by the United States Patent and Trademark Office for all of the registrations listed in Exhibit A are attached as Exhibit B. These registrations are valid and subsisting, and several of them are incontestable, and constitute *prima facie* evidence of the validity of the marks and registrations, of Gap's ownership of and exclusive right to use the marks in commerce, and provide constructive notice of ownership by Gap.

14. Gap owns and operates the website http://www.gap.com. The <gap.com> domain name was created on September 13, 1993 and has been used to identify the main Gap website promoting Gap's services and products since on or about that date.

15. Gap has achieved great commercial success under the GAP Marks over the years, having sold many billions of dollars worth of products. For example, between 2001 and 2006 alone, Gap's sales in North America exceeded $39 billion. As of October 2006, Gap operated 1,243 retail stores in the United States under the GAP trademark and trade name, including at least 90 stores in New York State alone.

16. The GAP trademark has been recognized as one of the most famous and well-known brands in the world. As early as August 1999, the accounting and financial services firm PriceWaterhouse Coopers ranked Gap as the world's second largest retailer in its global analysis of the world's largest retailers, as reported in the August 13, 1999 edition of the *San Francisco Business Times*. In addition, the GAP trademark has been consistently ranked among the top 60

4

Best Global Brands by Interbrand, a leading branding consultancy that publishes annual brand rankings in *Business Week*.

17. Gap has invested a substantial amount of time, effort, and money in advertising and promoting the GAP Marks nationwide, having spent billions of dollars advertising and promoting the GAP Marks. In 1997, the leading advertising-industry publication, *Advertising Age*, awarded Gap top honors as "Marketer of the Year." Between 1971 and 2007, Gap has advertised its trademark and trade name in numerous major U.S. publications of nationwide distribution, reaching tens of millions of people, including, but not limited to, *The New York Times Magazine, Los Angeles Times Magazine, The Philadelphia Inquirer Magazine, The Boston Globe Magazine, Conde Nast Traveler, SF, Elle, Vogue, Vanity Fair, The New Yorker, Esquire, Harper's Bazaar, Marie Claire, Glamour, Premiere, Gourmet, Nickelodeon, Details, Interview, Child, L.A. Style,* and *Mirabella*. Further, Gap has advertised and promoted its GAP Marks through national network and cable television, including during popular primetime programs such as *The Today Show*, *Seinfeld*, *Grey's Anatomy*, and *Sex in the City*.

18. The GAP trademark and trade name have also received substantial unsolicited media attention. For example, the following well-known publications available to the general public have published articles discussing the fame of the GAP trademark and trade name: *The New York Times*, *The Chicago Tribune*, *Newsweek*, *Fortune Magazine*, *The Wall Street Journal*, *Business Week*, *The San Francisco Chronicle*, *The Atlanta Journal and Constitution*, *The Boston Globe*, *The New York Daily News*, *The Los Angeles Times*, *The Miami Herald*, and *The St. Louis Post-Dispatch*.

19. In addition, Gap has advertised and promoted and used in everyday sales activities its GAP Marks, including GAP, GAP KIDS, GAP BODY, and GAP MATERNITY, in such a

5

manner as to create public exposure and recognition of common ownership of marks containing the term "GAP" as part of a family of marks. Through Gap's long, extensive, and continuous use and advertising of the GAP Marks in this manner, the public recognizes that marks containing the distinctive term "GAP" are part of a family of marks uniquely associated with Gap.

20. As a result of Gap's extensive advertising and promotional efforts and commercial success, as well as the amount, volume, and geographic extent of sales made under the GAP Marks, the GAP Marks have achieved such widespread recognition that they have become famous and represent enormous goodwill for Gap. The GAP Marks have been famous for many years.

## DEFENDANT'S WRONGFUL ACTS

21. Defendant uses the trademark and trade name G.A.P ADVENTURES in connection with a retail store and the advertising and sale of travel-related services and products. Defendant's G.A.P ADVENTURES trademark and trade name appear on external and internal signage on its store, located at 364 Avenue of the Americas, New York, New York, 10011-9402 (the "New York Store"). A photograph showing an example of Defendant's infringing use of the G.A.P ADVENTURES trademark and trade name on external signage at the New York Store (the "GAP Signage") appears below:

DOCSNY-275925



22.     Defendant opened the New York Store on or about August 7, 2007.  The New York Store is the first retail store that Defendant has opened in the United States.  Defendant's opening of the New York Store represents a material change from the manner in which it previously conducted business under the G.A.P ADVENTURES trademark and trade name in the United States.

23.     As shown in the above photograph, the term "GAP" is by far the most dominant element of the G.A.P ADVENTURES trademark and trade name as it appears on the GAP Signage.  Defendant's use of "GAP" in this way creates a separate commercial impression that Defendant's trademark and trade name is GAP per se.

7

24. Upon information and belief, at the time Defendant opened the New York Store and began using the GAP Signage, Defendant had actual knowledge of Gap's superior rights to the GAP Marks, and the http://www.gap.com website, and it used the trademark and trade name G.A.P ADVENTURES in bad faith to take advantage of the tremendous reputation and goodwill of the famous GAP trademark and trade name. At no time has Gap authorized Defendant to use or register the G.A.P ADVENTURES trademark and trade name in this manner.

25. Defendant recently changed the way in which it displays its logo on its website, http://www.gapadventures.com, from "G.A.P ADVENTURES: The Great Adventure People" to "G.A.P ADVENTURES." Defendant's current website does not include the phrase "The Great Adventure People" below the mark "G.A.P ADVENTURES."

26. On November 25, 2004, Defendant filed U.S. Trademark Application No. 78523045 under Section 1(a), 15 U.S.C. § 1051(a), for the mark G.A.P. ADVENTURES for "travel booking agencies; travel agency services, namely making reservations and bookings for travel; travel and tour ticket reservations service; organizing travel flight arrangements for various tours and individual passengers onto particular flights or groups of flights to both travel agents and direct customers; travel tour arranging; coordinating, arranging and organizing the travel for individuals and groups participating in the hundred plus tours sold by the applicant; travel information services; travel guide services; organizing and coordination of excursions, sightseeing tours, holidays, tours and travel" in International Class 39 and "Travel agency services, namely, making reservations and booking for temporary lodging" in International Class 43.

DOCSNY-275925

27. On January 8, 2007, Gap filed Opposition No. 91175017 before the Trademark Trial and Appeal Board against U.S. Trademark Application No. 78523045 for the mark G.A.P. ADVENTURES, and that proceeding is currently pending.

28. Defendant's use and trademark application of the trademark and trade name G.A.P ADVENTURES in the manners described above are likely to confuse consumers into mistakenly believing that Defendant and/or its products and services are offered, authorized, or sponsored by Gap, or are otherwise connected, associated, or affiliated with Gap.

29. Upon information and belief, Defendant has profited and will continue to profit from use of the trademark and trade name G.A.P ADVENTURES in connection with its business, *inter alia*, due to this perceived association with Gap.

## INJURY TO GAP

30. Defendant's use of the G.A.P ADVENTURES trademark and trade name in the manner described above has damaged and injured Gap and, if permitted to continue, will further damage and injure Gap, its GAP Marks and trade names, Gap's reputation and goodwill associated with the GAP Marks and trade names, and the public interest in being free from confusion.

31. Defendant's actions are likely to cause confusion, mistake, or deception as to the source or origin of Defendant's products and services, and are likely to falsely suggest a sponsorship, connection, license, or association of Defendant and its products and services with Gap, thereby injuring Gap and the public.

32. Defendant's actions described above are likely to dilute the distinctiveness and value of Gap's famous and distinctive GAP Marks and trade names, causing injury to Gap.

DOCSNY-275925

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a)**

33. Gap hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 32 of this Complaint.

34. Defendant's actions as described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's products, services and commercial activities, and thus constitute trademark infringement of Gap's federally registered marks listed in Exhibit A in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful and/or knowing.

36. As a direct and proximate result of the actions of Defendant alleged above, Gap has been damaged, will continue to be damaged, and such damage is irreparable.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement, False Designation**
**of Origin, and Unfair Competition**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

37. Gap repeats and realleges each and every allegation set forth in paragraphs 1 through 36 of this Complaint.

38. Defendant's actions as described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's products, services and commercial activities, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to Gap's GAP Marks and trade names in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

39. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful and/or knowing.

DOCSNY-275925

40. As a direct and proximate result of the actions of Defendant alleged above, Gap has been damaged, will continue to be damaged, and such damage is irreparable.

### THIRD CLAIM FOR RELIEF
### Federal Unfair Competition Comprising
### False and Misleading Statements of Fact
### Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

41. Gap repeats and realleges each and every allegation set forth in paragraphs 1 through 40 of this Complaint.

42. By engaging in the above described activities, Defendant has made false and misleading representations of fact to consumers and potential consumers, misrepresenting the nature of its products and services, including as to the source of those products and services and the right to engage in commercial activities using the mark GAP or a confusingly similar mark, all in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

43. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful and/or knowing.

44. As a direct and proximate result of the actions of Defendant alleged above, Gap has been damaged, will continue to be damaged, and such damage is irreparable.

### FOURTH CLAIM FOR RELIEF
### Federal Trademark Dilution Under Section
### 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

45. Gap repeats and realleges each and every allegation set forth in paragraphs 1 through 44 of this Complaint.

46. Defendant's actions as described above, all occurring after the GAP Marks became famous, are likely to dilute the distinctive quality of Gap's famous GAP Marks through the impairment of the distinctive nature of the GAP Marks, all in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

DOCSNY-275925

47. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful and/or knowing.

48. As a direct and proximate result of the actions of Defendant alleged above, Gap has been damaged, will continue to be damaged, and such damage is irreparable.

## FIFTH CLAIM FOR RELIEF
## Trademark Dilution Under
## N.Y. Gen. Bus. Law §§ 360 et seq.

49. Gap repeats and realleges each and every allegation set forth in Paragraphs 1 through 48 of this Complaint.

50. Defendant's actions as described above, all occurring after the distinctive GAP Marks became famous, are likely to dilute the distinctive quality of Gap's famous GAP Marks and trade names and injure Gap's business reputation in violation of Sections 360 et seq. of the N.Y. Gen. Bus. Law.

51. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful and/or knowing.

52. As a direct and proximate result of the actions of Defendant alleged above, Gap has been damaged, will continue to be damaged, and such damage is irreparable.

## SIXTH CLAIM FOR RELIEF
## Violation of the New York Deceptive Trade
## Practices Statute, N.Y. Gen. Bus. Law § 349

53. Gap repeats and realleges each and every allegation set forth in paragraphs 1 through 52 of this Complaint.

54. Defendant's actions as described above constitute deceptive acts or practices in the conduct of a business, trade, and commerce, and in furnishing of a service in New York, in violation of N.Y. Gen. Bus. Law § 349.

DOCSNY-275925

55. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful and/or knowing.

56. As a direct and proximate result of the actions of Defendant alleged above, Gap has been damaged, will continue to be damaged, and such damage is irreparable.

### SEVENTH CLAIM FOR RELIEF
### Violation of the New York False Advertising
### Statute, N.Y. Gen. Bus. Law §§ 350, 350-e

57. Gap repeats and realleges each and every allegation set forth in paragraphs 1 through 56 of this Complaint.

58. Defendant's actions as described above constitute false advertising in the conduct of business, trade, and commerce, and in the furnishing of a service in New York, in violation of N.Y. Gen. Bus. Law §§ 350, 350-e.

59. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful and/or knowing.

60. As a direct and proximate result of the actions of Defendant alleged above, Gap has been damaged, will continue to be damaged, and such damage is irreparable.

### EIGHTH CLAIM FOR RELIEF
### Common Law Trademark Infringement,
### Unfair Competition, and Misappropriation

61. Gap repeats and realleges each and every allegation set forth in paragraphs 1 through 60 of this Complaint.

62. Defendant's actions as described above constitute common law trademark infringement, unfair competition, and misappropriation of Gap's goodwill and trademark and trade name rights.

DOCSNY-275925

63. Upon information and belief, the actions of Defendant described above have at all times relevant to this action been willful and/or knowing.

64. As a direct and proximate result of the actions of Defendant alleged above, Gap has been damaged, will continue to be damaged, and such damage is irreparable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs The Gap, Inc. and Gap (Apparel) LLC demand judgment against Defendant and respectfully request that this Court enter:

A.      A preliminary and permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

  (1)   From using the trademarks and trade names GAP, G.A.P, G.A.P., G.A.P ADVENTURES, G.A.P. ADVENTURES, and any variations thereof in connection with stores, retail stores, and/or concept stores in the United States;

  (2)   From using the trademarks and trade names GAP, G.A.P, G.A.P., G.A.P ADVENTURES, G.A.P. ADVENTURES, and any variations thereof in any manner, form, or medium likely to cause confusion with Gap or the GAP trademarks and trade names;

  (3)   From using the trademarks and trade names GAP, G.A.P, G.A.P., G.A.P ADVENTURES, G.A.P. ADVENTURES, and any variations thereof in any manner, form, or medium likely to dilute the GAP trademarks and trade names;

   (4) From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Gap or sponsored or approved by Gap;

 B. An Order directing Defendant to file with this Court and serve on Gap's attorneys, thirty (30) days after the date of entry of any preliminary or permanent injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

 C. An Order requiring the Director of the United States Patent and Trademark Office and the Trademark Trial and Appeal Board to: (1) sustain Gap's Opposition No. 91175017 and enter judgment against Defendant on all grounds, and (2) refuse registration and order the abandonment with prejudice of Defendant's U.S. Trademark Application No. 78523045 pursuant to 15 U.S.C. § 1119.

 D. An Order requiring Defendant to account for and pay to Gap any and all profits arising from the foregoing acts of infringement, dilution, false designation of origin, misrepresentation, unfair competition, misappropriation, and false advertising, and trebling such profits for payment to Gap in accordance with 15 U.S.C. § 1117 and other applicable laws;

 E. An Order requiring Defendant to pay Gap compensatory damages in an amount as yet undetermined caused by the foregoing acts of infringement, dilution, false designation of origin, misrepresentation, unfair competition, misappropriation, and false advertising, and trebling such damages in accordance with 15 U.S.C. § 1117, New York General Business Laws §§ 349, 350, and 350-e, and other applicable laws;

F. An Order requiring Defendant to pay Gap punitive damages pursuant to New York common law, and other applicable laws, in an amount as yet undetermined, caused by the foregoing acts of Defendant;

G. An Order requiring Defendant to pay Gap's costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

H. Other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs The Gap, Inc. and Gap (Apparel) LLC demand a jury trial in this action for all claims so triable.

Dated: October 29, 2007

Respectfully submitted,

By _____
Steven I. Weisburd (5325)
Lawrence C. Drucker (9423)
Judith R. Cohen (8614)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

Attorneys for Plaintiffs The Gap, Inc. and Gap (Apparel) LLC

OF COUNSEL:

David M. Kelly
Linda K. McLeod
Daniel P. Kaufman
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

DOCSNY-275925v01