UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                       :
THE GAP, INC., and                                     :
GAP (APPAREL) LLC,                                     :
                                                       :     07-cv-9614 (AKH)
                        Plaintiffs, and                :
                Counterclaim Defendants                :     **ANSWER and**
        v.                                             :     **COUNTERCLAIMS**
                                                       :
G.A.P. ADVENTURES INC.                                 :
                                                       :     *Filed Via ECF*
                        Defendant, and                 :
                Counterclaim Plaintiff.                 :
                                                       :
-------------------------------------------------------x


        Defendant G.A.P. Adventures Inc. ("G.A.P. Adventures" or "Defendant")

responds to the Complaint filed by Plaintiff's, The Gap, Inc. and Gap (Apparel) LLC

(collectively, "Gap Apparel" or "Plaintiffs"), upon actual knowledge with respect to itself

and their own acts, and upon information and belief as to all other matters:

## I.      ADMISSIONS AND DENIALS

1.  Denied.

2.  Denied.

3.  G.A.P. Adventures is without sufficient knowledge to admit or deny the

    allegations of Paragraph 3 of the Complaint.

4.  G.A.P. Adventures is without sufficient knowledge to admit or deny the

    allegations of Paragraph 4 of the Complaint.

5.  Admitted.

6.  Admitted.

7. Admitted.

8. Admitted, to the extent that Defendant has a place of business and transacts business and advertises and promotes its services. The remainder of the allegations of infringement in Paragraph 8 of the Complaint are denied.

9. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 9 of the Complaint.

10. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 10 of the Complaint.

11. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 11 of the Complaint.

12. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 12 of the Complaint.

13. G.A.P. Adventures admits that Exhibit A and Exhibit B of the Complaint purports to provide alleged trademark registrations and certificates of registration, but is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 13 of the Complaint.

14. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 14 of the Complaint.

15. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 15 of the Complaint.

16. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 16 of the Complaint.

17. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 17 of the Complaint.

18. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 18 of the Complaint.

19. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 19 of the Complaint.

20. G.A.P. Adventures is without sufficient knowledge to admit or deny the allegations of Paragraph 20 of the Complaint.

21. G.A.P. Adventures admits that it uses the service mark G.A.P ADVENTURES in connection with its travel-related services.  G.A.P. Adventures denies that it uses the trademark and trade name G.A.P ADVENTURES in connection with a retail store and the advertising and sale of travel-related products.  G.A.P. Adventures admits that the words G.A.P ADVENTURES THE GREAT ADVENTURE PEOPLE appears on external and internal signage on its New York Concept Store.  G.A.P. Adventures admits that the photograph reproduced in Paragraph 21 of the Complaint appears to be of G.A.P. Adventures' New York Concept Store.

22. Denied.

23. Denied.

24. Denied; except that G.A.P. Adventures admits that Gap Apparel has not authorized G.A.P. Adventures to use or register the G.A.P. Adventures mark.

25. Denied.

26. Admitted.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## CLAIM I

33. G.A.P. Adventures repeats and realleges each and every admission and denial set

    forth in Paragraphs 1-32 of this Answer.

34. Denied.

35. G.A.P. Adventures admits to knowingly using and applying to register its G.A.P.

    Adventures mark.  G.A.P. Adventures denies the remaining allegations of

    Paragraph 35 of the Complaint.

36. Denied.

## CLAIM II

37. G.A.P. Adventures repeats and realleges each and every admission and denial set

    forth in Paragraphs 1-36 of this Answer.

38. Denied.

39. G.A.P. Adventures admits to knowingly using and applying to register its G.A.P.

    Adventures mark.  G.A.P. Adventures denies the remaining allegations of

    Paragraph 39 of the Complaint.

40. Denied.

CLAIM III

41. G.A.P. Adventures repeats and realleges each and every admission and denial set forth in Paragraphs 1-40 of this Answer.

42. Denied.

43. G.A.P. Adventures admits to knowingly using and applying to register its G.A.P. Adventures mark. G.A.P. Adventures denies the remaining allegations of Paragraph 43 of the Complaint.

44. Denied.

CLAIM IV

45. G.A.P. Adventures repeats and realleges each and every admission and denial set forth in Paragraphs 1-44 of this Answer.

46. Denied.

47. G.A.P. Adventures admits to knowingly using and applying to register its G.A.P. Adventures mark. G.A.P. Adventures denies the remaining allegations of Paragraph 47 of the Complaint.

48. Denied.

CLAIM V

49. G.A.P. Adventures repeats and realleges each and every admission and dneial set forth in Paragraphs 1-48 of this Answer.

50. Denied.

51. G.A.P. Adventures admits to knowingly using and applying to register its G.A.P. Adventures mark. G.A.P. Adventures denies the remaining allegations of Paragraph 51 of the Complaint.

52. Denied.

## CLAIM VI

53. G.A.P. Adventures repeats and realleges each and every admission and denial set forth in Paragraphs 1-52 of this Answer.

54. Denied.

55. G.A.P. Adventures admits to knowingly using and applying to register its G.A.P. Adventures mark.  G.A.P. Adventures denies the remaining allegations of Paragraph 55 of the Complaint.

56. Denied.

## CLAIM VII

57. G.A.P. Adventures repeats and realleges each and every admission and denial set forth in Paragraphs 1-56 of this Answer.

58. Denied.

59. G.A.P. Adventures admits to knowingly using and applying to register its G.A.P. Adventures mark.  G.A.P. Adventures denies the remaining allegations of Paragraph 59 of the Complaint.

60. Denied.

CLAIM VII

61. G.A.P. Adventures repeats and realleges each and every admission and denial set

forth in Paragraphs 1-60 of this Answer.

62. Denied.

63. G.A.P. Adventures admits to knowingly using and applying to register its G.A.P.

Adventures mark.  G.A.P. Adventures denies the remaining allegations of

Paragraph 63 of the Complaint.

64. Denied.


G.A.P. Adventures denies that Gap Apparel is entitled to any of the relief

requested in their Prayer for Relief.


## II.    AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim against G.A.P. Adventures upon

which relief may be granted.


SECOND AFFIRMATIVE DEFENSE

2.      Gap Apparel's claims are barred under the equitable principles of laches

and acquiescence.

3.      Defendant, G.A.P. Adventures' has continuously and openly used its

G.A.P. ADVENTURES service mark in the United States since at least 1990.

4.    Gap Apparel knew or should have known of G.A.P. Adventures' use of its mark for many years and the parties have coexisted for many years without confusion or association.

5.    Gap Apparel has not objected to G.A.P. Adventures' use or registration in the United States until the filing of the actions referenced in the Complaint.

THIRD AFFIRMATIVE DEFENSE

6.    Gap Apparel's claims are barred due to acquiescence and estoppel.

7.    Gap Apparel has acquiesced to the use by third parties of trademarks and service marks including the term GAP or variations of the term GAP for numerous goods and services, thereby creating an equitable estoppel and diluting the strength of its own marks.

8.    Gap Apparel has failed to reasonably police and protect its trademarks and trade names.

FOURTH AFFIRMATIVE DEFENSE

9.    G.A.P. Adventures has superior rights in the service mark "G.A.P. ADVENTURES" for travel-related services.

FIFTH AFFIRMATIVE DEFENSE

10.    Gap Apparel has not suffered any damages as a result of G.A.P. Adventures' use of its service marks and Gap Apparel has failed to mitigate and damages, if any, they alleged to have suffered.

- 9 -

## SIXTH AFFIRMATIVE DEFENSE

11.    G.A.P. Adventures has acted in a commercially reasonable and lawful manner.


## SEVENTH AFFIRMATIVE DEFENSE

12.    G.A.P. Adventures has not made any false or misleading statements or representations and has not engaged in any deceptive conduct.


## EIGHTH AFFIRMATIVE DEFENSE

13.    Plaintiffs are barred from asserting their claim for dilution because Gap Apparel's marks are not sufficiently famous.


## NINTH AFFIRMITIVE DEFENSE

14.    Plaintiffs are barred from asserting their claim for dilution because Gap Apparel's marks are not sufficiently distinctive.


## TENTH AFFIRMITVE DEFENSE

15.    G.A.P. Adventures has not intended to nor has it created a commercial impression that its service mark is associated with the marks owned by Gap Apparel.


## ELEVENTH AFFIRMITIAVE DEFENSE

16.    G.A.P. Adventures has adopted and is using its service mark in good faith for promoting travel-related services.

### III. COUNTERCLAIMS

Defendant and Counterclaim plaintiff, G.A.P. Adventures, for its counterclaims against Plaintiffs and Counterclaim defendants, Gap Apparel, alleges and states as follows:

PARTIES, JURISDICTION AND VENUE

1. G.A.P. Adventures is a corporation of Canada with a principal place of business at 19 Charlotte Street, Toronto, Ontario, M5V2H5.

2. Upon information and belief, The Gap, Inc. is a Delaware Corporation with its principal place of business at 2 Folsom Street, San Francisco, California, 94105.

3. Upon information and belief, Gap (Apparel) LLC is a limited liability company of California, having a business at 2 Folsom Street, San Francisco, California, 94105.

4. An actual controversy exists between the parties regarding the alleged infringement and claim of dilution of Gap Apparel's asserted trademarks and registerability of the G.A.P. ADVENTURES service marks.

5. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1121 and 28 U.S.C. § 1338(a). Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

6. G.A.P. Adventures hereby incorporates and realleges all of the allegations set forth in Paragraphs 1-64 of its Answer, as well as each of its Affirmative Defenses.

## THE G.A.P. ADVENTURES SERVICE MARK

7. G.A.P. Adventures is a provider of adventure-related travel services throughout the world.

8. G.A.P. Adventures began promoting and selling its services in the United States and Canada by at least 1990, and has continued to promote and sell its services continuously thereafter.

9. G.A.P. Adventures has continuously promoted and sold its services to the purchasing public through, among other things, its website(s), its United States sales office in Bedford, NY, media advertising, event sponsorships, trade show and conference displays, direct mailings, and travel agencies located in the United States since at least 1992.

10. On November 25, 2004, G.A.P. Adventures filed its U.S. Trademark Application No. 78/523,045, seeking to register its service mark "G.A.P. ADVENTURES" for travel-related services, namely as "travel booking agencies; travel agency services, namely making reservations and bookings for travel; travel and tour ticket reservations service; organizing travel flight arrangements for various tours and individual passengers onto particular flights or groups of flights to both travel agents and direct customers; travel tour arranging; coordinating arranging, and organizing the travel for individuals and groups participating in the hundred plus tours sold by the applicant; travel information services; travel guide services; organizing and coordination of excursions, sightseeing tours, holidays, tours and travel" in International Class 39; and for "Travel agency services, namely, making reservations and booking for temporary lodging" in International Class 43.

11. Gap Apparel has alleged in its Complaint that it is the owner of more than 95 U.S. trademark registrations for goods and services including "retail store services, on-line services, charitable services, clothing, clothing accessories, shoes, jewelry, bags (including backpacks and bike bags), personal-care products, toys, paper products, bed and bath linens, and other merchandise."

12. Gap Apparel does not own any U.S. trademark registrations or U.S. trademark applications for registration for any travel-related services.

13. On January 8, 2007, Gap Apparel filed Opposition No. 91/175,017 before the Trademark Trial and Appeal Board against G.A.P. Adventures' U.S. Trademark Application No. 78/523,045.

## COUNT I

14. G.A.P. Adventures incorporates Paragraphs 1-13 as if set forth herein.

15. There is no likelihood of confusion between G.A.P. Adventures' mark and Gap Apparel's marks.

16. The mark sought to be registered by G.A.P. Adventures does not dilute nor is it likely to dilute Gap Apparel's marks.

17. G.A.P. Adventures has superior rights in the service mark "G.A.P. ADVENTURES" for travel-related services, and is entitled to registration of this mark in the United States Patent and Trademark Office.

WHEREFORE, Defendant, G.A.P. Adventures prays that:

A.   The Complaint be dismissed with prejudice;

B.   Judgment should be entered against Plaintiffs, Gap Apparel;

C.   This Court enter a ruling that Defendants are entitled to register and use the G.A.P. ADVENTURES service mark;

D.   A judgment be granted in favor of G.A.P. Adventures declaring that G.A.P. Adventures has superior rights in the service mark "G.A.P. ADVENTURES" for travel-related services over Gap Apparel;

E.   A judgment be granted requiring the Director of the United States Patent and Trademark Office and the Trademark Trial and Appeal Board to: (1) deny Gap Apparel's Opposition No. 91175017 and enter a judgment against Gap Apparel on all counts, and (2) allow registration of G.A.P. ADVENTURES U.S. Trademark Application No. 78/523,045;

F.   An order requiring Gap Apparel to pay G.A.P. Adventures' costs and attorneys' fees

in this action be granted; and

G.   Any other relief that this Court deem just and proper be granted.

Respectfully submitted,

Dated: December 11, 2007               */s/Alan M. Sack/*

Alan M. Sack (AS-8856)
HOFFMANN & BARON, LLP
6900 Jericho Turnpike
Syosset, New York  11791
Phone: (516) 822-3550
Fax: (516) 822-3582

*/s/Jon A. Chiodo/*

Jon A. Chiodo (JC-1215)
HOFFMANN & BARON, LLP
6 Campus Drive
Parsippany, New Jersey  07054
Phone: (973) 331-1700
Fax: (973) 331-1717

ATTORNEYS FOR DEFENDANT,
G.A.P. Adventures Inc.