Steven I. Weisburd (5325)
Lawrence C. Drucker (9423)
Judith R. Cohen (8614)
DICKSTEIN SHAPIRO LLP
1177 Avenue of the Americas
New York, New York 10036-2714
Tel.: (212) 277-6500
Fax:  (212) 277-6501
Attorneys for Plaintiffs/Counterclaim Defendants
The Gap, Inc. and Gap (Apparel) LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
| | | |
|---|---|---|
| THE GAP, INC., and <br> GAP (APPAREL) LLC, | : <br> : <br> : | |
| Plaintiffs, and <br> Counterclaim <br> Defendants, <br> v. | : <br> : <br> : <br> : <br> : | CASE NO. 07-cv-9614 (AKH) <br><br> **ANSWER TO COUNTERCLAIM** |
| G.A.P. ADVENTURES INC., | : <br> : | |
| Defendant, and <br> Counterclaim <br> Plaintiff. | : <br> : <br> : | *Filed Via ECF* |

-------------------------------------------------------x

Plaintiffs/Counterclaim Defendants The Gap, Inc. and Gap (Apparel) LLC (collectively "Gap") respond to the Counterclaim filed by Defendant/Counterclaim Plaintiff G.A.P. Adventures Inc. ("Defendant") as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Gap admits that this Court has subject matter jurisdiction over this Counterclaim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Gap denies the remaining allegations in Paragraph 5.

6. Gap repeats and incorporates by reference its allegations set forth in Paragraphs 1–64 of its Complaint, as well as its answers to Paragraphs 1–5 of Defendant's Counterclaim. With respect to the Affirmative Defenses incorporated in paragraph 6 of the Counterclaim, no response is required as to the legal conclusions contained in these Affirmative Defenses and Gap denies the factual allegations contained therein.

7. Gap is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, and therefore denies them.

8. Gap is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8, and therefore denies them.

9. Gap is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9, and therefore denies them.

10. Admitted.

11. Gap admits that it alleges in Paragraph 13 of its Complaint that "Gap (Apparel) LLC owns more than 95 U.S. trademark registrations for the GAP Marks covering a wide variety of goods and services including, but not limited to, retail store services, on-line services, charitable services, clothing, clothing accessories, shoes, jewelry, bags (including backpacks and bike bags), personal-care products, toys, paper products, bed and bath linens, and other merchandise shown in the chart attached as Exhibit A," and otherwise refers to the Complaint for its content.

12. Gap can neither admit nor deny the allegations in Paragraph 12 because the term "travel-related services" is vague and indefinite. Moreover, Gap's U.S. trademark registrations and applications speak for themselves.

13. Admitted.

14. Gap repeats and incorporates by reference its allegations set forth in Paragraphs 1–64 of its Complaint, as well as its answers to Paragraphs 1–13 of Defendant's Counterclaim.

15. Denied.

16. Denied.

17. Gap denies that Defendant is entitled to registration of the mark G.A.P. ADVENTURES in the United States Patent and Trademark Office. Gap can neither admit nor deny the remaining allegations of Paragraph 17 because the phrases "superior rights" and "travel-related services" are vague and indefinite in the context of this allegation, and the phrase "superior rights" calls for a legal conclusion to which no response is required.

WHEREFORE, Gap respectfully requests that the Court grant the following relief:

A. Gap repeats and incorporates by reference its Prayer for Relief set forth in its Complaint;

B. Dismiss, with prejudice, Defendant's Counterclaim;

C. Deny all relief requested in Defendant's Counterclaim;

D. Order that Defendant pay Gap's attorney's fees and costs in defending this Counterclaim;

E. Order such other relief as the Court deems just and proper.

Respectfully submitted,

Dated:  January 3, 2008         By:  */s/ Judith R. Cohen*
                                Steven I. Weisburd (5325)
                                Lawrence C. Drucker (9423)
                                Judith R. Cohen (8614)
                                DICKSTEIN SHAPIRO LLP
                                1177 Avenue of the Americas
                                New York, New York 10036-2714
                                Tel.: (212) 277-6500
                                Fax:  (212) 277-6501

                                Attorneys for Plaintiffs/Counterclaim Defendants The Gap, Inc. and Gap (Apparel) LLC

OF COUNSEL:

David M. Kelly
Linda K. McLeod
Daniel P. Kaufman
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20009
Tel.: (202) 408-4000
Fax:  (202) 408-4400