UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
THE GAP, INC., and
GAP (APPAREL) LLC,

          Plaintiffs,

    v.

G.A.P. ADVENTURES INC.,

          Defendant.
------------------------------------------------------x

**CIVIL CASE MANAGEMENT PLAN**

Case No. 07-Civ.-9614 (AKH)

    After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

    A.    The case is to be tried to a jury.

    B.    Non-Expert Discovery:

        1.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by ~~September 26, 2008~~ [OCTOBER 31, 2008], which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

            a.    The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

        2.    Joinder of additional parties must be accomplished by ~~June 3, 2008~~ [July 1, 20__].

        3.    Amended pleadings may be filed without leave of the Court until ~~June 13, 2008~~ [July 11, 2008].

    C.    For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be October 27, 2008. *November 30, 2008* (Counsel shall insert a date 30 days after the completion date for non-expert discovery.)

   a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

   b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

2. Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiffs counsel, to discuss settlement. The date for the meeting is November 10, 2008 at Dickstein Shapiro LLP, 1177 Avenue of the Americas, New York, New York, 10036. *DECEMBER 8, 2008* (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

3. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counselor the Court wish to discuss. The Case Management Conference will be held on 12/5/08, at 9:30 a.m. at _____ m. (The Court will set this date at the Initial Case Management Conference.)

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F.  A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G.  Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

H.  The parties do not consent to having this action tried before a Magistrate Judge.

SO ORDERED.

DATED:   New York, New York
         February 29, 2008

HON. ALVIN K. HELLERSTEIN
United States District Judge

## ATTACHMENT A

The parties list the following non-expert discovery activities and anticipated completion dates. The parties reserve the right to engage in additional non-expert written discovery and to seek leave of Court to modify the number of fact depositions.

I.     The Parties Are in Agreement on the Following Items:

| DISCOVERY ACTIVITIES | ANTICIPATED COMPLETION DATE |
|---|---|
| 1. Parties to serve Rule 26(a) initial disclosures. | ~~February 15, 2008~~ MARCH 14, 2008 *[initialed AKH]* |
| 2. Parties' to serve first round of written discovery (i.e., production of documents, requests to admit, interrogatories). | ~~February 22, 2008~~ MARCH 21, 2008 *[initialed AKH]* |
| 3. Parties' to respond to first round of written discovery. | ~~March 26, 2008~~ APRIL 25, 2008 *[initialed AKH]* |
| 4. Last day to serve written discovery by either party. | ~~August 22, 2008~~ SEPTEMBER 26, 2008 *[initialed AKH]* |

II.    The Parties Cannot Reach Agreement on the Following Items:

   1.    **Discovery From Opposition Proceeding Before the TTAB**

Defendant proposes that the parties will acknowledge application of discovery from the TTAB Opposition between the parties to this litigation, provide responses to discovery currently pending in the Opposition, and provide supplemental responses to discovery requests from the Opposition by ~~March 10, 2008~~ [handwritten: APRIL 11, 2008]. The parties agree that they may use discovery produced in the Opposition in any manner allowed by the Federal Rules of Evidence and that the discovery requests in the Opposition in no way limit the amount of discovery permitted in this action under the Federal Rules of Civil Procedure. Plaintiffs do not agree, however, that any party has any obligation to supplement responses to discovery requests in the Opposition, which has been suspended by the TTAB. *[initialed AKH]*

   2.    **Number of Non-expert Depositions**

Plaintiffs estimate they will need ten (10) fact depositions. Defendant estimates it will need (20) fact depositions. Plaintiffs do not believe that twenty (20) fact depositions are warranted in this case.

3. **Expert Witness Designation** *To await 2d case mgmt cnf.* [AKH]

Defendant proposes that the parties identify expert witnesses that they have retained by July 1, 2008 or within 5 (five) days after the expert is retained. Plaintiffs do not believe this provision is appropriate in this attachment dealing solely with non-expert discovery, and that it is premature to designate experts nearly three months before the close of fact discovery. The parties have not yet finalized a schedule for production of expert reports and expert discovery. Plaintiffs propose that the parties identify expert witnesses on mutually agreed dates during the expert discovery period.

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1. **PLAINTIFFS' CLAIMS**:

    Plaintiffs seek damages caused by Defendant's conduct constituting trademark infringement, trademark dilution, and unfair competition, including but not limited to, Plaintiffs' actual damages, punitive damages, Plaintiffs' lost profits, Defendant's profits, and corrective advertising. Plaintiffs also seek increased damages due to the willful nature of Defendant's actions as well as attorney's fees due to the exceptional nature of this case. At this early stage, Gap is unable to provide a computation of damages for any components, but expects to provide this information by July 25, 2008.

2. **COUNTERCLAIMS AND CROSS-CLAIMS**:

    At this point, Defendant does not seek damages, but reserves the right to supplement this response should more facts come to light during discovery.

3. **THIRD-PARTY CLAIMS**:

    None.