UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

THE GAP, INC.; GAP (APPAREL) LLC,

                        Plaintiffs,

     -against-

G.A.P. ADVENTURES INC.,

                        Defendant.

------------------------------------------------------------- x

**ORDER DENYING MOTION TO ADMIT EVIDENCE OR, IN THE ALTERNATIVE, TO REOPEN DISCOVERY**

07 Civ. 9614 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The trial in this trademark- and trade name-infringement case is set to begin on May 9, 2011. Defendant G.A.P. Adventures Inc. now moves to admit into evidence at trial an extensive collection of public records, such as certificates of incorporation and trademark applications and registrations; screen shots of websites; and various other documentation, including photographs of business signs and offices located in nine different states and the District of Columbia, that G.A.P. Adventures has amassed since August 2010 with the aid of private investigators. G.A.P. Adventures produced these documents to Plaintiffs The Gap, Inc. and Gap (Apparel) LLC (collectively, "The Gap") in December 2010 and January 2011, pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), as a supposed "supplementation" to earlier document disclosures. G.A.P. Adventures represents that it intends to introduce this evidence at trial to "rebut[] any claim that Plaintiffs have engaged in substantially exclusive use of the word 'gap' as a mark or business name."

        I deny G.A.P. Adventures' motion to admit this evidence at trial. Fact discovery closed on February 20, 2009, although I have since ordered the parties to engage in limited additional discovery on discrete issues as they were presented to me. G.A.P. Adventures

1

contends that its collection of recently produced documents merely supplements its disclosure of a six-thousand-page "trademark search" report documenting third-party uses of the word "gap." G.A.P. Adventures commissioned a company called Corsearch to generate that report in 2007 and timely produced the report to The Gap in response to a document request during fact discovery.[1] G.A.P. Adventures contends that its documents supplementing the Corsearch report were all publicly available, were obtained "based on information in the Corsearch report," and were therefore just as accessible to The Gap as they were to G.A.P. Adventures. According to G.A.P. Adventures, "nothing precluded [The Gap] from doing exactly what [G.A.P. Adventures] did in obtaining th[is] public information."

However, this argument ignores G.A.P. Adventures' disclosure obligations under the Federal Rules of Civil Procedure. Specifically, Rule 26(a)(1)(A)(ii) requires a party, "without awaiting a discovery request," to provide its opponent with "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses."[2] Pursuant to Rule 26(e)(1)(A), moreover,

> [a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

---

[1] G.A.P. Adventures commissioned Corsearch to update the report in summer 2010 and produced that updated version to The Gap last August.

[2] G.A.P. Adventures repeatedly asserts that, because its recently produced documents will be used in "rebuttal" to The Gap's claims, the documents will not be "use[d] to support [G.A.P. Adventures'] claims or defenses" and, therefore, are not subject to Rule 26's disclosure requirements. This contention, based on some perceived distinction between a "defense" and a "rebuttal," is not availing. Rule 26's "disclosure obligation applies to 'claims and defenses,' and therefore requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party." Fed. R. Civ. P. 26, Notes of Advisory Comm. on 2000 Amendments, Note to Subdivision (a)(1) (emphasis added).

2

This rule requires a party to supplement its initial disclosure "if information later acquired would have been subject to the [Rule 26(a)(1) mandatory] disclosure requirement." Fed. R. Civ. P. 26, Notes of Advisory Comm. on 2000 Amendments, Note to Subdivision (a)(1). In addition, "[a]s case preparation continues, a party must supplement its disclosures when it determines that it may use a . . . document that it did not previously intend to use." Id.

Rule 26(e)(1)(A) contemplates that a party may inadvertently fail to make a complete disclosure initially. The rule also contemplates that a disclosing party's litigation strategy may evolve as discovery progresses and additional documents come to light. It does not contemplate, however, that a party will wait until long after fact discovery has closed, when only weeks remain before trial, to gather and produce hundreds of previously undisclosed documents that it intends to use to support its defenses. Cf. Gallagher v. S. Source Packaging, LLC, 568 F. Supp. 2d 624, 630–31 (E.D.N.C. 2008) (noting, in ruling on admissibility of supplemental expert report, that "[c]ourts distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship"). I cannot allow a party to invoke "supplementation" to make an end run around established discovery deadlines.

Although G.A.P. Adventures maintains that it produced the documents now at issue to The Gap pursuant to Rule 26(e)(1)(A), G.A.P. Adventures also argues that it was under no obligation to make such a supplemental disclosure. This argument, too, lacks merit. G.A.P. Adventures relies upon the last clause of Rule 26(e)(1)(A), which requires a party to supplement its initial disclosures if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." (emphasis added). G.A.P. Adventures argues that, because the Corsearch report was produced to The Gap during the discovery process, "the existence of the 'additional' public records provided by [G.A.P.

3

Adventures] which are at issue here had 'otherwise been made known to' [The Gap] in the discovery process." In other words, G.A.P. Adventures "merely produced copies of the public records which were made known in the 2007 Corsearch report that it intended to rely on once those records were retrieved from the various governmental agencies involved."

However, G.A.P. Adventures' counsel himself states in a declaration that, because "the volume of . . . entities [in the Corsearch report] was so large, [he] selected a group of states or metropolitan areas in which to collect samples of the[] reported uses of 'gap.'" There was no way for The Gap to anticipate which states and metropolitan areas G.A.P. Adventures' counsel would choose; nor could The Gap anticipate, based solely on the disclosure of the report, that G.A.P. Adventures would pursue the collection of any publicly available documents and photographs in support of its defense. Accordingly, the disclosure of the report did not "ma[k]e known" to The Gap the existence of the extensive collection of documents now at issue.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Preclusion pursuant to Rule 37(c)(1) "is 'automatic' unless the non-disclosure was substantially justified or harmless, or unless the district court in its discretion chooses an alternative sanction as provided" in the rule. 24/7 Records, Inc. v. Sony Music Entm't, Inc., 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008). "The purpose of these rules"—Rules 26(a) and (e) and Rule 37(c)(1), taken together—"is to avoid 'surprise' or 'trial by ambush.'" Am. Stock Exch. v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y. 2002).

4

G.A.P. Adventures' evidence will be excluded from trial pursuant to Rule 37(c)(1). G.A.P. Adventures has not provided a "substantial justification" for why it has only now made such a significant "supplementation" of its initial disclosure.

G.A.P. Adventures baldly asserts that "there was no need to incur the expenses of collecting this public evidence until a time closer to trial." Moreover, G.A.P. Adventures downplays the potential for prejudice to The Gap at trial. G.A.P. Adventures contends that the only discovery needed in response to its recent document production—authentication testimony from the private investigators and paralegals who retrieved the public records, reviewed the websites, and took the photographs—can be done expeditiously, by telephone, or perhaps by stipulation. In light of the volume of documents that G.A.P. Adventures has only recently produced—which I am told encompass more than 3000 pages and pertain to more than 300 businesses—proof of authentication would be complicated, expensive, and time-consuming. Nor am I persuaded that authentication is the only issue.

In the alternative to its motion to admit evidence at trial, G.A.P. Adventures seeks to reopen fact discovery nunc pro tunc to allow it to "timely" produce its documents and to allow The Gap an opportunity to take discovery in response. I deny this motion as well.

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause." The touchstone of the good cause inquiry is the "diligence of the moving party." Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003). G.A.P. Adventures has not shown that it has been diligent. The Corsearch report was commissioned in 2007. G.A.P. Adventures therefore had ample opportunity, before fact discovery closed in 2009, to use the report to gather documents showing third-party uses of the word "gap." G.A.P. Adventures did, in fact, pursue discovery on the issue and even took several depositions. After

years of discovery and pretrial litigation, the trial in this matter is set to begin shortly, on May 9, 2011. This court and the parties have an interest in seeing this trial through to its conclusion. G.A.P. Adventures has provided no persuasive reason for waiting until so close to trial to gather and produce the documents at issue. Accordingly, G.A.P. Adventures has not shown the requisite good cause to reopen discovery at this late date.

The Clerk shall mark the motion (Doc. No. 84) terminated.

SO ORDERED.

Dated: April 14, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge