UNITED STATES DISTRICT COURT           **FILED ELECTRONICALLY**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                   :

THE GAP, INC. and GAP (APPAREL) LLC,    :

                                   :         07 Civ. 9614 (AKH)

                Plaintiffs,    :

                                   :          ECF CASE

          -against-       :

                                   :

G.A.P. ADVENTURES INC.,         :

                                 :

               Defendant.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO ADMIT TESTIMONY OF ANITA VOTH

Bruce P. Keller
bpkeller@debevoise.com
Michael R. Potenza
mpotenza@debevoise.com
Camille Calman
ccalman@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York  10022
(212) 909-6000
*Attorneys for Plaintiffs The Gap*
*Inc. and Gap (Apparel), LLC*

Dated:  New York, New York
       April 27, 2011

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155 (5th Cir. 1982)..........................5

*Citizens Fin. Grp., Inc. v. Citizens Nat'l. Bank of Evans City*, 383 F.3d 110 (3d Cir. 2004)....................................................................................................................5

*Fun-damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993 (2d Cir. 1997) ..................4

*Gross v. Bare Escentuals Beauty, Inc.*, 641 F. Supp. 2d 175 (S.D.N.Y. 2008)...................4

*Int'l Kennel Club of Chi., Inc. v. Mighty Star, Inc.*, 846 F.2d 1079 (7th Cir. 1988)............5

*Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789 (4th Cir. 2001) .......................5

*Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534 (2d Cir. 1992)..................................6

*Schering Corp. v. Pfizer Inc.*, 189 F.3d 218 (2d Cir. 1999)...............................................5

*Smith v. Duncan*, 411 F.3d 340 (2d Cir. 2005) .................................................................7

*Smith v. Pathmark Stores, Inc.*, 485 F. Supp. 2d 235 (E.D.N.Y. 2007)..............................6

*Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291 (S.D.N.Y. 2001) ......................................5

*United States v. Detrich*, 865 F.2d 17 (2d Cir. 1988) ........................................................7

*United States v. Rioux*, 97 F.3d 648 (2d Cir. 1996) ..........................................................6

*Whitney v. Citibank, N.A.*, 782 F.2d 1106 (2d Cir. 1986)...................................................7

**STATUTES, RULES & REGULATIONS**

N.Y. P'SHIP LAW § 20 (McKinney's 1948) .........................................................................7

FED. R. CIV. P. 32(a)(4)(B) ...............................................................................................3

FED. R. EVID. 801(d)(2)(D)............................................................................................6, 7

FED. R. EVID. 803(3) ......................................................................................................4, 5

FED. R. EVID. 804(b)(1) ....................................................................................................3

**SECONDARY AUTHORITIES**

4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR
COMPETITION § 23:15 (4th ed. 2011) ...........................................................................5

## TABLE OF CONTENTS

PRELIMINARY STATEMENT .....................................................................................1

BACKGROUND ..........................................................................................................1

ARGUMENT................................................................................................................4

        A.      Ms. Voth's Testimony About Actual Consumer Confusion Is
                 Admissible As Non-Hearsay Or Under Fed. R. Evid. 803(3) .....................4

        B.      Mr. Poon Tip's Statements Are Non-Hearsay Admissions of G.A.P
                 Adventures And Evidence Of His State of Mind.......................................5

CONCLUSION.............................................................................................................8

Gap, Inc. and Gap (Apparel) LLC ("Gap") submit this memorandum of law in support of their motion *in limine* to admit certain testimony of Anita Voth, the co-founder of G.A.P Adventures, Inc. ("G.A.P").

## PRELIMINARY STATEMENT

Anita Voth co-founded G.A.P.  She picked its name, along with Bruce Poon Tip. Exhibit 1 to Declaration of Bruce P. Keller, dated April 27, 2011 ("Keller Decl.") at 10:11-12:1, 27:24-28:10.  For several years, she actually was the sole proprietor of G.A.P, even though she treated Mr. Poon Tip as her partner.  *Id.* at 16:14-20.

Ms. Voth has actual, first-hand knowledge about three topics crucial to the infringement and dilution claims in this case:

(1) **Confusion:**  Although she was careful not to overstate these incidents, Ms. Voth experienced instances of actual consumer confusion where people called G.A.P seeking "khakis" or other clothing (*Id.* at 43:8-45:12);

(2) **Bad Faith:**  Mr. Poon Tip, who was aware of Gap at the time the G.A.P name was picked, recognized that it "wouldn't hurt" "for people to associate" G.A.P with Gap, a "famous" name, and joked about the confusion (*Id.* at 34:12-21); and

(3) **Credibility:**  Mr. Poon Tip has denied that these things occurred.  His credibility on these and other explanations he offers for the selection of the G.A.P name is directly at issue in this case.

G.A.P would prefer to keep Ms. Voth's testimony on these topics out of the record and objected to it at her deposition as hearsay.  *Id.* at 34:22-36:7; 45:13.[1]  As explained below, that objection is groundless.

---

[1]   Specifically, G.A.P objected on hearsay grounds to testimony of Ms. Voth in which she recounted statements of Mr. Poon Tip.  Keller Decl. Ex. 1 at 35:5-8.

## BACKGROUND

Ms. Voth co-founded G.A.P, along with Mr. Poon Tip in 1991.  Keller Decl. Ex.

1 at 10:11-12:1.  From 1991 until 1995, Ms. Voth actually was the sole proprietor of

G.A.P, although she treated Mr. Poon Tip as an equal partner in the venture.  *Id.* at 14:14-

17:6; 87:11-15; 93:12-15.  At all times until she left G.A.P in 1998, Ms. Voth remained at

least a 50% owner of the business.  *Id.* at 17:17-20.[2]

Ms. Voth and Mr. Poon Tip collaborated on potential names for the company, *Id.*

at 31:23-32:11, including "Pathfinder," "Passages" and "Map."  *Id.* at 32:11-18.  They

initially liked "Map," but because the purpose of using that name was to have it represent

an acronym, when they "couldn't come up with . . . words that [they] like[d] to go with

that," they dropped it.  *Id.* at 32:19-24.  They settled on "G.A.P Adventures" as "a spinoff

of 'Map,'" *Id.* at 33:2-5, because it lent itself to the acronym, "Great Adventure People."

*Id.* at 33:6-10.

Mr. Poon Tip has testified repeatedly, under oath, that he was not aware of Gap

when the "G.A.P" name was selected.  Keller Decl. Ex. 2 at 132:23-134:6 ("Q:  At the

time you selected the G.A.P Adventures name, were you familiar with the Gap brand?  A:

No."); Keller Decl. Ex. 3 at ¶ 58 ("I do not recall being aware of Gap Clothing until the

mid-1990s, long after I started G.A.P."); Keller Decl. Ex. 4 at 6 (Response to

---

[2]    Ms. Voth left G.A.P in 1998 because of business differences with Mr. Poon Tip.
Keller Decl. Ex. 1 at 22:16-23:18.  Mr. Poon Tip subsequently breached his promise
to buy Ms. Voth's share of the company for between $200,000 and $250,000 over a
period of years.  He paid her only $30,000.  *Id.* at 89:11-90:4.

Interrogatory No. 6) (G.A.P was "not aware of [Gap's] Mark when it made the final

selection of the [G.A.P] Mark in 1990").

Ms. Voth, by contrast, candidly admitted that she "definitely" knew all about Gap

at the time the G.A.P name was selected.  Among other things, her commute to the office

took her past a Gap retail store and "[t]hey had billboards . . . [a]nd it's a famous

company."  According to Ms. Voth, "most people were aware of" Gap at the time, Keller

Decl. Ex. 1 at 34:6-9, including Mr. Poon Tip:

> When we were playing around with the name, it did come
> up that – Gap clothing . . . I have a vague memory of him
> saying something to the effect of because the Gap clothing
> store already existed and that name was famous, it wouldn't
> hurt us to – for people to associate.  You know, oh, I've
> heard of that before, even though they haven't heard of us
> before.

*Id.* at 34:12-21.  Ms. Voth also recalled "[m]ultiple times" when consumers, as Mr. Poon

Tip expected, "call[ed] in and sa[id] . . . something about khakis."  *Id.* at 43:14-44:5.

Ms. Voth further testified that she and Mr. Poon Tip "definitely . . . communicated" about

these instances of actual confusion because she recalled that they "laughed about it."  *Id.*

at 49:10-12.[3]  As other witnesses at trial will show, she is not the only person connected

to G.A.P who contradicts Mr. Poon Tip in this regard.

---

[3]    Ms. Voth's deposition testimony is admissible under Fed. R. Civ. P. 32(a)(4)(B) and
Fed. R. Evid. 804(b)(1), because Ms. Voth is a citizen of Canada and will be
unavailable to testify at trial.

**ARGUMENT**

**A.      Ms. Voth's Testimony About Actual Consumer Confusion Is
Admissible As Non-Hearsay Or Under Fed. R. Evid. 803(3).**

*Fun-damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993 (2d Cir. 1997), is

directly on point.  It explains why Ms. Voth's testimony regarding instances of actual

confusion is plainly admissible.

In *Fun-damental*, both parties marketed toilet-shaped novelty coin banks that

made a flushing sound when a coin was deposited.  Defendant's product, however, sold

at a lower wholesale and retail price than plaintiff's.  The plaintiff sued, alleging that the

defendant's packaging infringed plaintiff's trade dress.  In support of its contention that

consumers were likely to be confused, the plaintiff "offered the direct testimony of its

national sales manager" that "some retail customers complained because they thought

Fun-Damental was selling its Toilet Bank at a lower price to other retailers," when, in

fact, the lower-priced banks were defendant's.  *Id.* at 1003.

The Second Circuit squarely held that "[t]here is no hearsay problem" with such

testimony:

> The testimony in question was not offered to prove that
> Fun-Damental was actually selling to some retailers at
> lower prices, but was probative of the declarant's
> confusion.  Further, Federal Rule of Evidence 803(3)
> allows statements, otherwise excluded as hearsay, to be
> received to show the declarant's then-existing state of
> mind.  The district court properly considered the
> statements.

*Id.* at 1003-04; *see also Gross v. Bare Escentuals Beauty, Inc.*, 641 F. Supp. 2d 175, 188

(S.D.N.Y. 2008) (anecdotal evidence of actual consumer confusion admissible because

statements "are either not being offered for the truth of the matter asserted or fit within a hearsay exception"); *Troublé v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 298-99 (S.D.N.Y. 2001) (same).[4]

Here, Ms. Voth's knowledge that customers contacted G.A.P looking for khakis, Keller Decl. Ex. 1 at 43:14-44:5, is not being offered to prove the truth of the underlying communication (*i.e.*, that G.A.P actually sold khakis), but only to prove the consumers' confused state of mind.  The statements plainly are admissible either because they are not hearsay or under the state-of-mind exception of Fed. R. Evid. 803(3), which covers all statements by consumers confused as to the relationship between the two companies.

> **B.      Mr. Poon Tip's Statements Are Non-Hearsay Admissions of G.A.P Adventures And Evidence Of His State of Mind.**

Ms. Voth also testified that Mr. Poon Tip:  (1) told her that "because the Gap clothing store already existed," it "wouldn't hurt . . . for people to associate" G.A.P with

---

[4]    Other Circuit Courts of Appeal are in accord.  *See Citizens Fin. Grp., Inc. v. Citizens Nat'l. Bank of Evans City*, 383 F.3d 110, 132-33 (3d Cir. 2004) (employees' testimony concerning experiences with confused customers not hearsay and admissible under Rule 803(3)); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 804 (4th Cir. 2001) (newspaper articles and parental testimony that children thought defendant's costume was Barney character admissible as non-hearsay); *Armco, Inc. v. Armco Burglar Alarm Co.*, 693 F.2d 1155, 1160 n.10 (5th Cir. 1982) (testimony concerning misdirected phone calls admissible as non-hearsay or under Rule 803(3)); *Int'l Kennel Club of Chi., Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1090-91 (7th Cir. 1988) (same; misdirected letters); *see also* 4 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:15 (4th ed. 2011) ("[T]estimony . . . as to confused customers is not hearsay because it is not offered to prove the truth of any customer's assertion or is admissible under an exception to the hearsay rule.").  This is consistent with the long-settled rule that actual confusion evidence in the form of consumer surveys is admissible.  *See*, *e.g.*, *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 227 (2d Cir. 1999) (consumer confusion survey evidence admissible under Rule 803(3) state-of-mind exception).

Gap; and (2) that he "laughed" about the instances of actual confusion Ms. Voth brought to his attention. Keller Decl. Ex. 1 at 34:12-21; 49:10-12. Mr. Poon Tip's out-of-court statements are (1) non-hearsay admissions of G.A.P and (2) offered to show Mr. Poon Tip's state of mind (*i.e.*, his intent in adopting the mark).

Under Federal Rule of Evidence 801(d)(2)(D), a "statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." FED. R. EVID. 801(d)(2)(D). "[B]ecause admissions against a party's interest are received into evidence without many of the technical prerequisites of other evidentiary rules—such as, for example, trustworthiness and personal knowledge—admissibility under this rule should be granted freely." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992); *see also Smith v. Pathmark Stores, Inc.*, 485 F. Supp. 2d 235, 238 (E.D.N.Y. 2007).

"To show that the statement is not hearsay, [a party] must show: '(1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency.'" *United States v. Rioux*, 97 F.3d 648, 660 (2d Cir. 1996) (quoting *Pappas*, 963 F.2d at 537).

Mr. Poon Tip's statements satisfy all three criteria. At all times, Mr. Poon Tip was the co-owner with Ms. Voth of G.A.P, and they divided responsibility for running all aspects of the entity equally. Keller Decl. Ex. 1 at 15:21 ("Well, we were 50/50 partners."); *Id.* at 17:5-6 ("[W]e considered ourselves equal partners.").

6

Mr. Poon Tip's statements concerning the reasons for adopting the G.A.P name – that "it wouldn't hurt us" "for people to associate" G.A.P with the "famous" Gap brand – were made after Mr. Poon Tip and Ms. Voth had decided to form a business partnership (and thus had the requisite relationship), were made during the course of that relationship and relate to matters within its scope. *See Whitney v. Citibank, N.A.*, 782 F.2d 1106, 1116 n.6 (2d Cir. 1986) ("Every partner is an agent of the partnership for the purpose of its business." (quoting N.Y. P'SHIP LAW § 20 (McKinney's 1948))).  For the same reasons, Mr. Poon Tip's communications with Ms. Voth concerning instances of actual confusion are admissible under Federal Rule of Evidence 801(d)(2)(D).

In addition, these statements are not hearsay because they too are not offered for the truth of the matter asserted (*i.e.*, whether using the name "G.A.P" to associate the business with Gap would or "wouldn't hurt").  Instead, they are evidence of Mr. Poon Tip's awareness of Gap at the time the G.A.P name was adopted and his intent to associate G.A.P with the "famous" Gap brand.  *Smith v. Duncan*, 411 F.3d 340, 346 n.4 (2d Cir. 2005) ("'[T]he mere utterance of a statement, without regard to its truth, may indicate circumstantially the state of mind . . . of the declarant' and is *not hearsay*." (alteration in original) (emphasis in original) (citation omitted)); *United States v. Detrich*, 865 F.2d 17, 21 (2d Cir. 1988) ("Where . . . the statement is offered as circumstantial evidence of [the declarant's] state of mind, it does not fall within the definition given by Rule 801(c); because it was not offered to prove the truth of the matter asserted.").

7

**CONCLUSION**

For the foregoing reasons, G.A.P's hearsay objections should be overruled and the

statements from Ms. Voth's deposition should be admitted into evidence.


Respectfully submitted,

DEBEVOISE & PLIMPTON LLP


By:   /s/ Bruce P. Keller
     Bruce P. Keller
     Michael R. Potenza
     Camille Calman
919 Third Avenue
New York, New York  10022
Tel:  (212) 909-6000
Fax:  (212) 909-6836

Attorneys for Plaintiffs