UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
                                                                                  :

THE GAP, INC., and
GAP (APPAREL) LLC,                       :    07 Civ. 9614 (AKH)

                Plaintiffs, and
        Counterclaim Defendants   :

               -against-

G.A.P ADVENTURES INC.,

               Defendant, and
        Counterclaim Plaintiff.

---------------------------------------------------------x

## DEFENDANT G.A.P ADVENTURE'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO ADMIT TESTIMONY OF ANITA VOTH

## **Table of Contents**

| | | | |
|---|---|---|---|
| I. | | Introduction | 1 |
| II. | | Argument | 1 |
| | A. | Ms. Voth's receipt of calls from customers is admissible for a limited purpose | 1 |
| | B. | Ms. Voth's unreliable testimony concerning the statements of Defendant's employees | 3 |
| | C. | Ms. Voth's testimony regarding Mr. Poon Tip's "admissions" | 4 |
| III. | | Conclusion | 5 |

## Table of Authorities

**Cases**

*Gruner + Jahr USA Publ'g v. Meredith Corp.*,
 991 F.2d 1072 (2d Cir. 1993) ............................................................................................ 2

*Louis Vuitton Malletier v. Dooney & Bourke*,
 561 F. Supp. 2d 368 (S.D.N.Y. 2008) ................................................................................ 4

*McGregor-Doniger Inc., v. Drizzle Inc.*,
 599 F.2d 1126 (2d Cir. 1979) ............................................................................................ 5

*New York Stock Exch., Inc. v. New York, New York Hotel, LLC*,
 293 F.3d 550 (2d Cir. 2002) .............................................................................................. 4

*Playtex Products, Inc. v. Georgia-Pacific Corp.*,
 390 F.3d 158 (2d Cir. 2004) .............................................................................................. 5

*Savin Corp. v. Savin Group*,
 391 F.3d 439 (2d Cir. 2004) .............................................................................................. 4

*Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*,
 588 F.3d 97 (2d Cir. 2009) ................................................................................................ 4

*The Sports Auth., Inc. v. Prime Hospitality Corp.*,
 89 F.3d 955 (2d Cir. 1996) ................................................................................................ 2

I.  **Introduction**

Defendant G.A.P Adventures Inc. (hereinafter "Defendant"), opposes, in part Plaintiffs' Motion *in Limine* to Admit the Testimony of Anita Voth.

First, Defendant does not object to the admissibility of Ms. Voth's testimony stating that she personally received phone calls seeking information about clothing. Those statements, however, should be admissible only for a limited purpose and should not be presumed, without more, to prove the ultimate conclusion that actual confusion existed.[1]

Second, Defendant does not challenge the admissibility of Ms. Voth's testimony recalling Mr. Poon Tip's statements. Clearly her recollection may be different than Mr. Poon Tip's and he will testify about that at trial.

Defendant opposes Plaintiffs' motion and objects to the admissibility of Ms. Voth's testimony that other G.A.P Adventures employees received phone calls inquiring about Gap clothing. (Keller Decl. Ex. 1 45:7-12). Ms. Voth's statement should be held inadmissible because they are (a) unreliable; and (b) speculative. Defendant requests that her testimony about those alleged events be held inadmissible.

II. **Argument**

  A.  **Ms. Voth's receipt of calls from customers
       is admissible for a limited purpose**

Ms. Voth testified that she believed that she had personally answered phone calls from third parties who sought information concerning clothing. For example, Ms. Voth testified

---

[1]  Moreover, although not addressed in this motion in detail, Ms. Voth may be biased against Defendant. Plaintiffs moving brief identifies several of those reasons, including that Ms. Voth believes that she is owed money by Defendant. Such biases do not make such statements inadmissible but certainly should lessen the weight given to her statements.

- 1 -

that she recalled "the odd time someone call[ed] in and [said] . . . something about khakis." (Keller Decl. Ex. 1 at 43:14-22).

Defendant does not object to the admissibility of this testimony on its face, namely that Ms. Voth may have answered calls where the callers inquired about "khakis". (Keller Decl. Ex. 1 43:8-45:6). However, Defendant requests that this testimony be admissible to establish only that someone may have called Defendant's concept store seeking information on khakis. There is no evidence in any of these situations from Ms. Voth or the caller of how the caller came to call Defendant's number. Thus, this testimony falls far short of establishing actual confusion or even a likelihood of confusion and its admissibility should not presume that finding.

In order "[t]o show actual confusion, [a plaintiff] must demonstrate that [the defendant]'s use 'could inflict commercial injury in the form of either a diversion of sales, damage to goodwill, or loss of control over reputation.'" *The Sports Auth., Inc. v. Prime Hospitality Corp.*, 89 F.3d 955, 963 (2d Cir. 1996) (internal citations omitted). Anecdotal evidence of customer inquiries about a possible relationship between Defendant and Plaintiff, are not instances of actual confusion and at most reflect a possibility but "not the required probability" of confusion. *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1079 (2d Cir. 1993).

Despite Plaintiffs' assertions, this testimony establishes, at best, merely anecdotal evidence. Although there may have been more than one such call, they were not a common occurrence.[2] Ms. Voth indicated that it was "the odd time" that Defendant received such an

---

[2]  Plaintiffs' motion incorrectly suggests that such phone calls were a common occurrence – received "multiple times". (Pl. Mem. at 3). Plaintiffs have taken Ms. Voth's statements out of context and plainly mischaracterizes it. The actual testimony was as follows (Keller Decl. Ex. 1, 44:20-23):

inquiry. (Keller Decl. Ex. 1 at 43:14-22). Moreover, she testified that upon receiving any such calls, Defendant's employees thought "it was kind of a joke. . . . it would [create] a puzzled look -- why would someone call us, looking for khakis? Because . . . we weren't putting ourselves out there to be a clothing store." (Keller Decl. Ex. 1 43:24-44:4). Ms. Voth specifically testified that she believed it is plausible that such patrons simply dialed the wrong number from a listing in the phone book (Keller Decl. Ex. 1 43:14-22). Upon learning the nature of Defendant's business – providing adventure travel services -- any purported mistake would have ended.

### B. Ms. Voth's unreliable testimony concerning the statements of Defendant's employees

Although Defendant does not object to Ms. Voth's testimony concerning phone calls *she* claims to have personally received, Defendant does object to the admissibility of Ms. Voth's testimony that other G.A.P Adventures employees received phone calls inquiring about clothing. Ms. Voth's statements on this point should be found (a) unreliable because of her limited recollection of those events, and (b) speculative.

First, Ms. Voth's testimony is not a reliable recollection of actual events. Ms. Voth couldn't remember the factual details of any of the alleged inquiries such as how many such phone calls were received or who at Defendant's concept store received them. She remembered only that they were "talked about." (Keller Decl. Ex. 1 45:7-12). Such a statement, without much factual premise, indicates that her memory in this regard is not dependable.

Second, Ms. Voth's testimony was imbued with speculation. When asked if she was "aware of whether [these phone calls] happened . . . on occasions where [she was] not the

---

> Q: Can you [give] me a better estimate as [to] how many times it happened?"
>
> A: No. More than once. Multiple times? I'm not – I don't have a clear recollection of a number of times . . . .

person answering the phone", she replied that "it may have happened more often than I know about." (Keller Decl. Ex. 1 45:7-12). However, to the extent that Ms. Voth's testimony suggests that such phone calls were common, she is merely speculating.

For these reasons, Defendant requests that these statements be held inadmissible.

C. **Ms. Voth's testimony regarding Mr. Poon Tip's "admissions"**

Next, Plaintiffs seek to admit testimony of Ms. Voth that Defendant's CEO, Bruce Poon Tip, which they argue are "admissions" and offered to show Mr. Poon Tip's state of mind. Defendant does not object to the admissibility of these statements *per se*. However, to the extent that these statements are deemed "admissions", the entirety of Ms. Voth's testimony demonstrates that Mr. Poon Tip never intended to gain any advantage by associating Defendant with Plaintiff or its mark.

Ms. Voth was very clear that in selecting the name she and Mr. Poon Tip did not feel that there was to be any confusion because they "didn't feel there would be a conflict . . . ." (Keller Decl. 34:10-16). Such statements counter Plaintiffs' allegation that Mr. Poon Tip adopted the G.A.P Adventures mark in bad faith. *See Savin Corp. v. Savin Group*, 391 F.3d 439, 460 (2d Cir. 2004) (noting that the good-faith factor "considers whether the defendant adopted its mark with the intention of capitalizing on [the] plaintiff's reputation and goodwill and [on] any confusion between his and the senior user's product") (internal citations omitted); *Louis Vuitton Malletier v. Dooney & Bourke*, 561 F.Supp.2d 368, 387 (S.D.N.Y. 2008) (inquiry focuses on whether the defendant "'acted in bad faith in any sense relevant to the Lanham Act, that is, by deceiving consumers into believing that its products ... were related to' the plaintiff.") (quoting *New York Stock Exch., Inc. v. New York, New York Hotel, LLC*, 293 F.3d 550, 556 n.1 (2d Cir. 2002)); *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 117 (2d Cir. 2009) ("only relevant intent is intent to confuse") (internal citations omitted).

Moreover, Mr. Poon Tip and Ms. Voth recognized that confusion was unlikely because they "both felt that it's a completely different industry [from Gap, Inc.]. Our name stands for [Great] Adventure People." (Keller Decl. 34:10-16). Their belief is in accord with the law which recognizes that where the registrations cover distinct goods or services, even actual or constructive notice of another's prior registration is not necessarily indicative of bad faith "because the presumption of an exclusive right to use a registered mark extends only so far as the goods or services noted in the registration certificate". *McGregor-Doniger Inc., v. Drizzle Inc.*, 599 F.2d 1126, 1137 (2d Cir. 1979); *see also Playtex Products, Inc. v. Georgia-Pacific Corp.*, 390 F.3d 158, 166 (2d Cir. 2004) ("Prior knowledge of a senior user's mark does not, without more, create an inference of bad faith.") (internal citations omitted).

Plaintiffs' motion stated that Mr. Poon Tip "'laughed' about the purported instances of actual confusion Ms. Voth brought to his attention." (Pl. Mem. 6 (citing Keller Decl. Ex. 1 49:10-12). However, once again, this cannot suggest Mr. Poon Tip's bad faith because the statement of Ms. Voth has been taken out of context. To the extent that Mr. Poon Tip "laughed", such laughter was not malicious. Ms. Voth explained that any such phone calls were surprising to Defendant: "[T]hat was the joke, anyway, people asking about khakis, and how stupid could they be." (Keller Decl. Ex. 1 43:14-19). Ms. Voth's testimony in this regard suggests that Mr. Poon Tip laughed only out of surprise, and not because of his bad intent.

For the reasons set forth above, Defendant does not object to the admissibility of this testimony, but intends to rebut its being offered at trial.

### III. Conclusion

For the reasons set forth above, Defendant does not object to the use of Ms. Voth's testimony for the limited purposes described herein. Defendant objects, however, to the admissibility of Ms. Voth's testimony regarding the statements of unknown employees about

- 5 -

- 6 -

conversations with unknown third parties as such statements are double hearsay and the reliability of Ms. Voth's testimonoy in this regard is questionable. For the reasons set forth above this testimony is unreliable, speculative and should be inadmissible.

Respectfully submitted,

Dated: May 3, 2011

FITZPATRICK, CELLA, HARPER & SCINTO

_____
Pasquale A. Razzano (7340)
Timothy J. Kelly (8241)
1290 Avenue of the Americas
New York, NY 10104
212/218-2100 (phone)
212-218-2200 (fax)
prazzano@fchs.com
tkelly@fchs.com

*Attorneys for G.A.P Adventures Inc.*

FCHS_WS 6436699v1.doc