**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
                            :

THE GAP, INC., and                  :
GAP (APPAREL) LLC,          :    07 Civ.  9614 (AKH)
                            :

            Plaintiffs, and     :    ECF Filing
      Counterclaim Defendants,    :
                            :

         -against -        :    **DECLARATION OF MARC**
                            :    **WISNIAK IN SUPPORT OF G.A.P**
G.A.P ADVENTURES INC.,    :    **ADVENTURES INC.'S MOTIONS TO**
                            :    **AMEND OR ALTER THE PERMANENT**
         Defendant, and    :    **INJUNCTION AND ORDER AND TO**
      Counterclaim Plaintiff.    :    **SUSPEND OR STAY THE**
---------------------------------------------------------x    **INJUNCTION PENDING APPEAL**

I, Marc Wisniak, do hereby declare and state as follows:

## I.    <u>Personal Background</u>

1.    I am the Director of IT and Information Systems at G.A.P Adventures, the defendant in this litigation. I reside at 18 Stafford Street, Toronto, Ontario, Canada M5V3W4. I received a Bachelor's of Engineering in Aerospace Engineering from Technion, the Israel Institute of Technology in Haifa, Israel in 1991. I later earned an MBA from Melbourne Business School, at University of Melbourne in Australia in 1997.

2.    While obtaining my M.B.A and for about 3 years thereafter, I was employed by Intrepid Travel Pty Ltd., an Australian company specializing in small international group travel and tours. I held three positions during my time there, including Project Manager. As Project Manager, I was responsible for customization and implementation of a new reservations system and database. Thereafter, in 2000, I became self-employed and specialized in the design, development, implementation, training and management of database systems for the adventure travel industry including clients such as Intrepid Travel and G.A.P Adventures. In 2003, I joined G.A.P Adventures as the IT Development Manager having responsibility for the ongoing development and maintenance of the reservation systems and particularly the design and development of the Compass system which I helped to launch for G.A.P Adventures in April 2005.

3.    In 2005, I was promoted to Director of IT and Information Systems at G.A.P Adventures, the position I currently hold. I am responsible for managing the development team for G.A.P Adventures various reservations systems. The team is comprised of several experienced and innovative computer programmers. I also prioritize and address the technical

project requests for the reservation systems required by the operators of the business, as I am familiar with all of the types of information that is stored in, contained in and which needs to be input into the systems during the reservation process and the technical processes of the systems. I have worked for G.A.P Adventures for nearly 11 years.

          4.      I will be leaving G.A.P Adventures as of September 1, 2011.

## II.    Overview of the work required

          5.      I understand that G.A.P Adventures is going to be changing the G.A.P Adventures name and trademark in United States. I also understand that Plaintiffs contend that G.A.P Adventures may only use the term "G.A.P Adventures" in the website content during the Transition Period, meaning that G.A.P Adventures may have to first change that content to the "G.A.P Adventures" format and then to the new name. This means that the process for making the changes described below would have to be performed twice.

          6.      As with all highly technical computer programming projects, the scope of the project is nearly impossible to predict. It is hard to determine how long it will take to change the name and trademark for U.S. consumers in our reservations systems because, as is common knowledge by professionals in this field, when changes are in the process of being implemented, additional challenges usually arise in a project of this magnitude. It is not uncommon for unexpected issues to arise, and in fact, it is almost expected that issues will arise along the way that will need to be addressed. It is therefore difficult to say how any such challenges may impact the timing or completion of this project.

          7.      We have three technical or computer systems located in Canada which are relevant to our worldwide reservations system. These are identified as the Compass, Sherpa and

Polaris systems.  All of these systems include extensive use of the G.A.P Adventures name, logo and/or trademark.  All are currently used throughout G.A.P Adventures worldwide operations regardless of where in the world a reservation originates.

### III.      The Compass System

8.      Compass is the reservation system.  It is accessed by users in two different ways.  First, it can be accessed directly by G.A.P Adventures' employees, such as those employees in call-centers who are making bookings for customers over the phone or via e-mail. Second, it is what I would describe as the "back-end" to the reservation system on our www.gapadventures.com website.  When consumers log onto the website, although they do not interface directly with Compass, our website obtains from the Compass system information such as the trip descriptions and special promotions.  That information may contain the G.A.P Adventures name or logo and would then be displayed on the website being viewed by the consumer.  Changing the name of the website alone does not stop the G.A.P Adventures name, logo or other format from appearing in text that originates from Compass.  Consumers' personal information is also sent to the Compass system when they make on-line reservations.

9.      When consumers book a reservation for a trip (whether directly on the G.A.P Adventures website, by phone or email, through a travel agent or one of our third party partners), they or their agent also are provided a voucher (like a ticket for the trip) and an invoice.

10.      All of the pages within the Compass system, the vouchers and the invoices sent to trip participants include our branding – either the G.A.P Adventures name, logo or references to the mark exist in much of the content.

## IV.     The Sherpa System

11.     Sherpa is the website that travel agents use to book and manage bookings for clients.  It is a web-based interface to Compass (just as consumers interface with Compass through the website, travel agents interface with Compass through Sherpa).  However, bookings on Sherpa are more involved than bookings made through the G.A.P Adventures website because Sherpa allows travel agents to make reservations, as well as make changes and adjustments to existing bookings.  For any given trip reservation, a travel agent accesses approximately 10-15 screens/views to make a booking.  As with Compass, the G.A.P Adventures trademark, logo and name is visible throughout the system.

12.     There are about 23,000 agents worldwide that can access the Sherpa system worldwide using log-in information that is specific to them.

## V.     Changes to the Compass and Sherpa Systems

13.     In both Compass and Sherpa, G.A.P Adventures will need to change trademarks, logos and content such as the trip descriptions, vouchers, invoices, etc. for specific use in connection with the website "G.A.P Adventures" format, or the new name, that will be accessible only to U.S. consumers.  Reviewing the descriptions for all trips and promotions to identify the changes needed will be a time-intensive project.

14.     I expect that for each trip description or text on Compass or Sherpa, we will need to add additional text or graphic field where we can house the U.S.-specific content containing the new name, logo and mark.  To the extent that there is hard-coding of the name, logo or trademark (*e.g.*, on the top of the voucher and invoice), we will need to create two versions of these documents – one with the G.A.P Adventures branding (for use outside the U.S.)

and another with the new branding (or only the "G.A.P Adventures" format during the Transition Period).

        15.    To the extent that information from Compass is accessible to unidentified visitors to the website, the technical process created by G.A.P Adventures' E-Commerce Group based on IP address identification will ensure that the proper content (including the correct name and trademark) are displayed for that user. (*See* Declaration of Ashley Christopher in Support of G.A.P Adventures Inc.'s Motion To Suspend Or Stay Injunction Pending Appeal)

        16.    To the extent that a consumer has signed up for a trip and is to receive a trip voucher or invoice, we also will need to re-program the Compass system so that it is able to send the consumer the trip voucher containing the proper name and mark (*e.g.,* G.A.P Adventures outside the U.S. and the new name and mark within the U.S.) based on his home address as supplied when he made his reservation.

        17.    Similarly, we must re-program the Sherpa system to display to travel agents' content that contains the name and trademark that is proper for the country in which they are conducting business. Using the unique Sherpa log-in of the travel agents, we will identify the business location of the travel agent accessing the system (our database already stores information on the travel agent including that agent's office location). We will then need to program the system so that it calls up the proper content based on the travel agent's country.

        18.    We have three people in my group charged with programming and maintaining the Compass and Sherpa products. However, we need employees who are familiar with and knowledgeable about the systems to continue to perform the necessary daily tasks or maintenance to these systems; otherwise the entire business will come to a standstill. I therefore anticipate devoting one employee to this project on a full-time basis. I estimate that it could take

this skilled employee up to 2 months to complete the work on both of these systems, but this time estimate depends on two unknowns: (1) how many text or graphic fields there are that will require alternative text or logos for the U.S., and (2) any unforeseen challenges that arise in the project. This means that if we have to change these systems first to use only the "G.A.P Adventures" format and then to the new name, G.A.P Adventures could not comply with the Court's order by July 27th and therefore could not operate its website thereafter. In addition, that change process would delay our efforts to change to a new name.

## VI.    The Polaris System and the Changes Required

19.    Polaris is the third technical computer program maintained by my group and involved in the reservations of G.A.P Adventures. This program is used by the G.A.P Adventures tour leaders to see their scheduled trips, itineraries, list of participants, etc. The system allows them to communicate with our offices concerning finances – such as informing us how much corporate cash they have on hand and how much more they require to handle expenses for upcoming trips. Finally, the tour leaders use Polaris to send thank you emails to participants and to ask them to complete an evaluation of the trip. There is a lot of branding on Polaris, although not an overwhelming number of different pages or interfaces.

20.    G.A.P Adventures is just beginning to run tours in the United States, such as in Alaska and the American Southwest. Therefore there is clearly a need to have alternative text available here for use by tour leaders in the U.S which will include the new name and trademark. As with the travel agents, the tour leaders have to log-in to the system and therefore be identifiable with respect to their home country.

21.     With respect to Polaris, we will need to program the system to use the alternative U.S. text if (a) the tour leaders sending the communications are stationed in the U.S., or (b) any email or evaluations are being sent to participants who provided a U.S. address with their reservation.

22.     There are only two employees at G.A.P Adventures who maintain and program the Polaris system.  As with the previously discussed systems, our operations would come to a standstill if both of these employees knowledgeable on Polaris were required to cease their daily work to maintain the system in order to effect these changes.  If we devote one employee to implementing the necessary changes to the system, I anticipate that it would take this employee 1 month to complete the tasks, dependent upon any unexpected challenges that arise.

## VII.   The general timing of the project

23.     Adding additional programmers to these projects would not expedite the processes.  The systems are complex and it would take time, likely several months, for new programmers to become familiar with the systems such that they are able to meaningfully assist in maintenance and programming.  Moreover, it is our current staff that would need to take time out of their current work and the work described herein to instruct new programmers in operating and working with the systems.  For these reasons, bringing in additional programmers would therefore slow the process and not expedite it.

24.     If we started this technical work with Compass, Sherpa and Polaris on July 11, I estimate it could be completed around mid-September depending on any unforeseen technical complications that arise.

25.     It would be extremely inefficient if the above described changes were implemented, and we were later able to revert to use of the G.A.P Adventures name in the United States following an appeal.  The process of switching back from the revised systems (which would use a different name and trademark for U.S. consumers) to the current systems (which use G.A.P Adventures worldwide) would take approximately one month.  More importantly, switching back to the G.A.P Adventures name worldwide means that there would have been significant staff resources expended unnecessarily in making the change in the first place – resources that could have been used for the demanding everyday tasks of running these systems.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 14 , 2011

Marc Wisniak