UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

THE GAP, INC.; GAP (APPAREL) LLC,

                Plaintiffs,

-against-

G.A.P ADVENTURES INC.,

                Defendant.

------------------------------------------------------------ x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #: _____
DATE FILED: 8/24/11

**ORDER DENYING MOTION TO STAY INJUNCTION PENDING APPEAL**

07 Civ. 9614 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Following a five-day bench trial in May and June 2011, I found in favor of plaintiffs The Gap, Inc. and Gap (Apparel) LLC (collectively, "Gap") on their federal trademark infringement claim and granted a permanent injunction that prohibits defendant G.A.P Adventures Inc. from using the word "gap," in any variation, as part of a business name or trademark or for any other self-identifying purpose in the United States. In so ruling, I rejected G.A.P Adventures' affirmative defense of laches on the ground that Gap had not "inexcusably delayed in taking action" after it had learned of G.A.P Adventures' infringing marks. <u>Cuban Cigar Brands N. V. v. Upmann Int'l, Inc.</u>, 457 F. Supp. 1090, 1096 (S.D.N.Y. 1978). Rather, I found that Gap had acted in a commercially reasonable manner by seeking to enforce its rights when it did. Having appealed my decision to the Second Circuit, G.A.P Adventures now moves, pursuant to Federal Rule of Civil Procedure 62(c), to stay the permanent injunction pending appeal.[1] For the reasons stated below, G.A.P Adventures' motion is denied.

---

[1] G.A.P Adventures also sought, by its motion, to alter or amend certain aspects of the permanent injunction pursuant to Federal Rule of Civil Procedure 59(e). The parties advised the court by joint letter of July 27, 2011, that G.A.P Adventures' request to amend the injunction had been rendered moot by the parties' subsequent communications with each other. I therefore do not address the amendment issue.

1

G.A.P Adventures "bears a difficult burden" in seeking to stay an injunction pending appeal. United States v. Private Sanitation Indus. Ass'n, 44 F.3d 1082, 1084 (2d Cir. 1995). Four factors guide my analysis of the issue: (1) the likelihood that G.A.P Adventures will succeed on the merits of its appeal; (2) whether G.A.P Adventures will suffer "irreparable injury" if I deny a stay; (3) whether Gap faces "substantial injury" if I grant a stay; and (4) whether the public interest favors a stay. Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002). Because I weigh these factors, the requisite "'level or degree of possibility of success'" on the merits varies inversely with the extent of the injury if a stay is denied. Id. (quoting Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977)).

G.A.P Adventures has demonstrated neither a substantial likelihood of success on the merits nor irreparable injury absent a stay. Indeed, G.A.P Adventures makes no representation, nor is there any indication in the record, that it has sought to pursue its appeal on an expedited basis.

As to the merits on appeal, in support of its stay motion, G.A.P Adventures simply reiterates the same arguments it advanced without success at trial concerning its affirmative defense of laches and evidence of third-party registrations of trademarks that use the word "gap." I considered but was not persuaded by G.A.P Adventures' arguments at trial, and I am not convinced there is any substantial likelihood those same arguments will carry the day on appeal. See Purdue Pharma L.P. v. Endo Pharms., Inc., Nos. 00 Civ. 8029 (SHS), 01 Civ. 2109 (SHS), 01 Civ. 8177 (SHS), 2004 U.S. Dist. LEXIS 2276, at *6–7 (S.D.N.Y. Feb. 17, 2004).

G.A.P Adventures also fails to demonstrate a credible threat of irreparable injury. G.A.P Adventures argues that, without a stay, it will expend significant money, time, and effort to change its name in the United States pending appeal, only to expend additional money, time,

2

and effort to change its name back to "G.A.P Adventures" if it wins on appeal. G.A.P Adventures maintains that such a "process would cause confusion and consternation among its customers" and would result in the loss of "equity it has built in [its] name" over many years.

I am not convinced, however. "'The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay are not enough.'" Malarkey v. Texaco, Inc., 794 F. Supp. 1248, 1250 (S.D.N.Y. 1992) (finding no irreparable injury absent stay pending appeal where injunction required defendant employer to promote plaintiff employee to a higher paid position) (quoting Wis. Gas Co. v. Fed. Energy Regulatory Comm., 758 F.2d 669, 674 (D.C. Cir. 1985)). A name change is not "irrevocable" but rather can be reversed if G.A.P Adventures does, in fact, succeed on appeal. SunAmerica Corp. v. Sun Life Assurance Co. of Can., 890 F. Supp. 1559, 1584 (N.D. Ga. 1995). Moreover, the permanent injunction provides for a transition period of almost four months, during which time G.A.P Adventures must select a new name but may use that new name in conjunction with the phrase "formerly known as G.A.P Adventures," or some phrase substantially similar. The purpose behind this allowance was for G.A.P Adventures to capture at least part of the goodwill associated with its old name and transfer that goodwill to a new name. This allowance makes it less likely G.A.P Adventures will lose goodwill without a stay.

In any event, there is authority for the proposition that, on a motion to stay a permanent injunction pending appeal, "loss of goodwill in a defendant's infringing trademark" or "loss of market share is not irreparable harm, even if it cannot be easily regained were the injunction to be reversed on appeal." Empresa Cubana Del Tabaco v. Culbro Corp., No. 97 Civ. 8399 (RWS), 2004 U.S. Dist. LEXIS 7443, at *6–7 (S.D.N.Y. Apr. 30, 2004). To the extent G.A.P Adventures' customers are subjected to "confusion and consternation" as a result of the

3

company's two successive name changes (assuming both name changes occur), any injury associated with that customer confusion is, at this point, only "a matter of speculation" and not "imminent or certain" enough to support a stay. United States v. Stein, 452 F. Supp. 281, 284 (S.D.N.Y. 2006). I suspect that G.A.P Adventures could easily remedy any such confusion by issuing a simple explanation to its customers post-appeal.

Having suffered G.A.P Adventures' infringement throughout the four years of pretrial proceedings before winning at trial, Gap plainly has an interest in the immediate and continued effect of the injunctive relief, which this court only recently awarded and imposed. As Judge Learned Hand explained more than eighty years ago, a merchant's

> mark is his authentic seal; by it he vouches for the goods which bear it; it carries his name for good or ill. If another uses it, he borrows the owner's reputation, whose quality no longer lies within his control. This is an injury, even though the borrower does not tarnish it, or divert any sales by its use; for a reputation, like a face, is the symbol of its possessor and creator, and another can use it only as a mask.

Yale Electric Corp. v. Robertson, 26 F.2d 972, 974 (2d Cir. 1928).

Finally, G.A.P Adventures contends that "there is a public interest in not destroying overnight a successful business before a complete exhaustion of its appellate rights." The statement is undeniably true, but I cannot conclude that refusing to stay the permanent injunction in this case will lead anywhere near G.A.P Adventures' overnight destruction. Here, the public interest lies in denying a stay, because the public has an interest in avoiding further confusion as to source or deception as to affiliation. Cf. Profitness Physical Therapy Ctr. v. Pro-Fit Orthopedic & Sports Physical Therapy P.C., 314 F.3d 62, 68 (2d Cir. 2002) (noting "strong interest in preventing public confusion"); N.Y.C. Triathlon, LLC v. NYC Triathlon Club, Inc., 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010) ("the public has an interest in not being deceived").

4

Because G.A.P Adventures has not made the required showing, I deny the motion for a stay pending appeal.

The Clerk shall mark the motion (Doc. No. 121) terminated and the case closed.

SO ORDERED.

Dated: August 24, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

5